# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JEFFREY HENSON                                                                          PLAINTIFF

v.                                  3:20-cv-00201-JM-JJV

STATE OF ARKANSAS, *et al*.                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

## I. INTRODUCTION

Jeffrey Henson ("Plaintiff"), incarcerated at the Sharp County Detention Center, filed this action *pro se* pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1.) On August 24, 2020, I advised Plaintiff that his Complaint failed to state a claim on which relief may be granted. (Doc. No. 4.) I advised Plaintiff of the deficiencies in his Complaint and gave him thirty days in which to file a superseding Amended Complaint if he wished. (*Id*.) Plaintiff filed his Amended Complaint on September 3, 2020. (Doc. No. 5.)

---

[1] Originally, fourteen other individuals filed the same Complaint; the cases were severed. *See Neal v. State of Arkansas, et al.*, 3:20-cv-00200 (E.D. Ark.); *Stafford v. State of Arkansas*, 3:20-cv-00202 (E.D. Ark.); *Ray v. State of Arkansas*, 3:20-cv-00203 (E.D. Ark.); *Kelly v. State of Arkansas*, 3:20-cv-00204 (E.D. Ark.); *Krumm v. State of Arkansas*, 3:20-cv-00205 (E.D. Ark.); *Schuldheisz v. State of Arkansas*, 3:20-cv-00206 (E.D. Ark.); *Daniel v. State of Arkansas*, 3:20-cv-00207 (E.D. Ark.); *Roberts v. State of Arkansas*, 3:20-cv-00208 (E.D. Ark.); *Mask v. State of Arkansas*, 3:20-cv-00209 (E.D. Ark.); *Penix v. State of Arkansas*, 3:20-cv-00210 (E.D. Ark.); *Dusseau v. State of Arkansas*, 3:20-cv-00211 (E.D. Ark.); *Kennedy v. State of Arkansas*, 3:20-cv-00212 (E.D. Ark.); *Bunch v. State of Arkansas*, 3:20-cv-00213 (E.D. Ark.); and *Guthrie v. State of Arkansas*, 3:20-cv-00214 (E.D. Ark.).

In his Amended Complaint, Plaintiff sued: the State of Arkansas; the Arkansas Supreme Court; Sharp County Sheriff Mark Counts; Sharp County Jail Administrator Serena Martin; Jailors Sloan Lane and Bobby Glenn; Judges Michelle Huff and Harold Erwin; Prosecuting Attorney Henry Boyce, and Deputy Prosecuting Attorneys Ryan Cooper and Joe Grider, III; he sued all Defendants in their personal and official capacities. (Doc. No. 5 at 1-2.) Plaintiff's allegations, in their entirety, read:

> Covid-19 – March 12, 20202 to present
> Ark Covid-virus
> Quarantine not possible in Sharp County Detention Center, Sharp County, Ash Flat, AR 72513
> March 12, 2020 to present
> Grievances – May 8, 2020 – August 7, 2020, August 19, 2020
> Bio-hazard – crimes against humanity
> Exposure to Covid-19 virus eminent – August 7, 2020
> -Person family member tested (+)
> For Covid-19 (Relative – sister)
> May 8, 2020
> Masked – first given to detainees on June 28, 2020 (March 16, 2020)
> -Exposure – Detainees sister tested (+)
> Covid-19 in Kansas City was around her
> -May 8, 2020
>
> Also refer to case 3:20-cv-00201-JM-JJV, Document #1.

(*Id*. at 8-9.)

Plaintiff seeks damages. (*Id*. at 10.)

After careful consideration of Plaintiff's Amended Complaint upon resumed screening, I recommend Plaintiff's claims be dismissed without prejudice for failure to state a claim.

## II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims

3

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighed in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. ANALYSIS

As explained in detail below, Plaintiff failed to state a claim on which relief may be granted.

### A. Arkansas Supreme Court

Plaintiff filed suit under 42 U.S.C. § 1983 naming the Arkansas Supreme Court, among others, as a Defendant. The Arkansas Supreme Court, however, is not a "person" subject to suit under § 1983. *See McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (internal citations omitted). Plaintiff's claims against the Arkansas Supreme Court fail as a matter of law and should be dismissed.

### B.  Personal Capacity Claims

To state a claim for relief under 42 U.S.C. § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In explaining to Plaintiff the deficiencies in his Complaint, I pointed out that he made no specific allegations against any Defendant. (Doc. No. 4.) I advised him that bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. (*Id.*) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In his Amended Complaint, Plaintiff again did not allege any specific facts against any Defendant. Because Plaintiff has not specified what any Defendant is alleged to have done—or not done—to violate Plaintiff's rights, he has failed to state a claim on which relief may be granted and his Amended Complaint should be dismissed without prejudice.

### IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's claims be dismissed without prejudice.

2. Plaintiff's Complaint, as amended (Doc. No. 5) be dismissed without prejudice.

3.   This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

4.   The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 3rd day of September 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE